UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADFORD STONE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2770 |
| | § | |
| UNOCAL TERMINATION ALLOWANCE PLAN, *et al.* | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendants' motion to limit discovery to the administrative record. After considering the arguments of counsel and the applicable law, the court finds that defendants' motion should be DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Bradford Stone was employed as an engineer for Union Oil Company of California ("Unocal") on August 10, 2005, at the time of Unocal's acquisition by Chevron Corporation ("Chevron"). Under the ERISA[1] Plans at issue, plaintiff was entitled to enhanced benefits upon a constructive discharge following a change of control event. After the merger, which plaintiff claims constituted such an event, Chevron offered plaintiff a job with different benefits than previously provided by Unocal. Plaintiff posits that this offer was equivalent to a constructive discharge, thus entitling him to change-of-control benefits under the Plans.

On January 5, 2006, plaintiff submitted a constructive discharge application for these

---

[1] The Employee Retirement Income Security Act of 1974 ("ERISA"), codified as amended at 29 U.S.C. §§ 1001, *et seq*.

benefits. On February 24, 2006, the Change of Control Administrator, Steve Croshal, denied plaintiff's application. Plaintiff filed an administrative appeal of this decision, and the Appeals Committee denied this appeal on July 3, 2006. On August 29, 2006, plaintiff filed suit in this court, alleging that he was unlawfully denied plan benefits in violation of ERISA, specifically 29 U.S.C. § 1132(a)(1)(B). On November 13, 2006, the Plans at issue were substituted as the proper defendants in this case.

## II. ANALYSIS

Before this case proceeded to the discovery stage, defendants filed the instant motion to limit discovery to the administrative record. Defendants argue that if the court reviews the administrator's decision under an abuse of discretion analysis, the court may only decide whether that decision is "unreasonable or incorrect" and may not consider evidence outside the administrative record. *See* Dkt. 19 at 5 (quoting *Gooden v. Provident Life & Acc. Ins. Co.*, 250 F.3d 329, 332-33 (5th Cir. 2001)). In response, the plaintiff contends that several factors relevant to a discretionary review require the consideration of extra-record evidence, and thus limitation of discovery to the administrative record alone would be improper. Dkt. 24. For the reasons explained below, the court agrees with the plaintiff.

Under the Federal Rules of Civil Procedure, the scope of discovery is quite broad, extending to "any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1); *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve

their dispute. . . .  Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." (citation omitted)).  Relevant evidence includes any information which tends to make the existence of any fact of consequence to the cause of action more or less probable than it would be without the admission of the evidence.  *See* FED. R. EVID. 401.

In this case, plaintiff is challenging a denial of benefits by the plan administrator through an ERISA cause of action under § 1132(a)(1)(B).  The court generally reviews the decision of an administrator *de novo*, unless the governing plan confers discretionary authority upon the administrator to make benefit determinations or construe the language of the plan.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 112-13, 109 S. Ct. 948 (1989) (finding that these standards are consistent with established principles of trust law).  In determining whether an administrator abused his or her discretion in denying a participant's benefit request, the court follows a two-step process.  "First the court determines whether the administrator's interpretation of the plan is legally correct."  *Abouh-Fetouh v. Employee Benefits Comm.*, 245 F.3d 465, 472 (5th Cir. 2001) (citing *Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998)).  "If the court determines that the plan administrator's interpretation of the plan is legally correct, then the administrator's interpretation and the denial of benefits should be upheld because there cannot have been any abuse of discretion."  *Id.*  "If, on the other hand, the court determines that the plan administrator's interpretation is not legally correct, then the court must proceed to determine whether the administrator's decision denying benefits was an abuse of discretion."  *Id.* (citing *Threadgill*, 145 F.3d at 293).

Regarding the first question, i.e., whether the administrator's interpretation was legally correct, the court must consider three factors:

(1) whether the administrator has given the plan a uniform construction;

(2) whether the interpretation is consistent with a fair reading of the plan, and

(3) any unanticipated costs resulting from different interpretations of the plan.

*See Wildbur v. Arco Chem. Co.*, 974 F.2d 631, 637-38 (5th Cir. 1992) (Lake, J., sitting by designation).

If, however, after reviewing these factors the court concludes that the administrator erred, the court then determines if the administrator abused its discretion. Like the test's first prong, three factors are relevant to this analysis:

(1) the internal consistency of the plan under the administrator's interpretation,

(2) any relevant regulations formulated by the appropriate administrative agencies, and

(3) the factual background of the determination and any inferences of lack of good faith.

*Id.*; *see also Batchelor v. Int'l Bhd. of Elec. Workers Local 861 Pension & Retirement Fund*, 877 F.2d 441, 445-48 (5th Cir. 1989). On rare occasions, the court can avoid a full-fledged two-step analysis "if an administrator interprets an ERISA plan in a manner that directly contradicts the plain meaning of the plan language." *See Gosselink v. AT&T, Inc.*, 272 F.3d 722, 727 (5th Cir. 2001); *see also Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1307-08 & n.3 (5th Cir. 1994) (recognizing that "the reviewing court is not rigidly confined to [*Wildbur*'s] two-step analysis in every case"). This exception "avoids reaching 'the anomalous finding that a Plan administrator's interpretation which directly violates the plain meaning of the plan language is not an abuse of discretion simply because

the plan language has always been interpreted in the same manner and there are no inferences of bad faith.'" *Baker v. Metro. Life Ins. Co.*, 364 F.3d 624, 633 (5th Cir. 2004) (Wiener, J., specially concurring) (quoting *Gosselink*, 272 F.3d at 727). Otherwise, in most cases the court's review for an abuse of discretion requires consideration of at least the three factors related to the legal correctness of the decision, and perhaps all six factors under the complete two-part inquiry.

Also, in deciding how much deference to accord the plan administrator's decision, the court may adjust its abuse of discretion review to reflect an administrator's possible conflict of interest. Under this circuit's "sliding scale" standard, "the deference due to the decision may be reduced in proportion to the conflict." *See Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 356 (5th Cir. 2004) (citing *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 297 (5th Cir. 1999) (en banc) ("The existence of a conflict is a factor to be considered in determining whether the administrator abused his discretion in denying a claim.")). Yet the mere fact that an employer is also a plan administrator does not suffice to create an inherent conflict of interest. *MacLachlan v. ExxonMobil Corp.*, 350 F.3d 472, 479 n.8 (5th Cir. 2003). Rather, the plaintiff must present additional evidence to show the existence and extent of a conflict, and this evidence will generally be found outside the administrative record. *See Vega*, 188 F.3d at 301 (discussing the conflict of interest based on references to evidence presented from outside the administrative record); *see also Lain v. UNUM Life Ins. Co.*, 279 F.3d 337, 343 n.7 (5th Cir. 2002) (determining the proper level of deference to accord the administrator's decision through an examination of extra-record evidence); *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 785-86 (S.D. Tex. 2005) (same).[2] In fact, it would be unreasonable,

---

[2] The court recognizes that in *Gooden*, a Fifth Circuit panel held that evidence of an administrator's conflict may not be considered by the district court in its review of the benefit denial. *See Gooden*, 250 F.3d at 333; *see also Abate v. The Hartford*, 471 F. Supp. 2d 724, 733

and practically impossible, for a plaintiff to show any degree of conflict through consideration of the record alone. *See Kergosien*, 390 F.3d at 356 ("There is no practical way for the extent of the administrator's conflict of interest to be determined without the arbitrator going beyond the record of the administrator.").

With these legal principles in mind, the court will now consider the propriety of defendant's request to limit discovery in this case. As an initial matter, the court has not yet determined the proper level of review for the benefit decision at issue. However, assuming that the court utilizes an abuse of discretion review, it is clear that the plaintiff will need evidence outside the record to demonstrate a conflict of interest and that the administrator abused his discretion in denying plaintiff's claims. As the *Wildbur* court stated, extra-record evidence is relevant to many factors under the abuse of discretion analysis:

> Determining whether the administrator has given a uniform construction to a plan may require a court to evaluate evidence of benefit determinations other than the one under scrutiny. Likewise, to determine whether an interpretation results in unanticipated costs a court may be required to review what costs were anticipated and what costs may flow from the challenged interpretation. We can readily envision scenarios where much of this information would not be in the administrative record.
>
> . . .
>
> Although our abuse of discretion analysis and the manner in which we have applied

---

(E.D. Tex. 2006) (agreeing with *Gooden*'s reasoning). However, this holding directly contradicts the *Vega* court's decision, by an en banc court, which specifically permitted consideration of extra-record evidence to determine the conflict's extent and the degree of deference appropriate to the administrator's decision. *See Vega*, 188 F.3d at 297 ("The greater the evidence of conflict on the part of the administrator, the less deferential our abuse of discretion standard will be."); *accord Lain*, 279 F.3d at 343 n.7. Because one panel cannot overrule the decision of a previous en banc court, this court is constrained to apply the holding of *Vega* and allow limited discovery into the extent of the possible conflict operative in this case. *See Van Ooteghem v. Gray*, 774 F.2d 1332, 1335 (5th Cir. 1985).

>it submits to *no other reasonable interpretation*, we now make manifest that a district court is not confined to the administrative record in determining whether, under our analytical framework, a plan administrator abused his discretion in making a benefit determination.

*Wildbur*, 974 F.2d at 638-39 (emphasis added).

Given this language from the Fifth Circuit, plaintiff's access to evidence relevant to these factors and a possible conflict of interest can hardly be contested. Still, defendants make a valiant attempt to do so. They first contend that when reviewing the administrator's factual determinations, the court may not venture beyond the administrative record in considering relevant evidence. *See* Dkt. 19 at 5. According to the defendants, this rule "serves the dual purpose of (1) preventing the district court from engaging in additional fact-finding; and (2) encouraging both parties to present the administrator the evidence that best supports their case and to resolve the dispute at the administrative level." *Id.* (citing *Vega*, 188 F.3d at 299-300; *Dew*, 69 F. Supp. 2d at 901). While the court agrees with each of these statements, it disagrees with the legal conclusions drawn by the defendants. The *Vega* court held that "the district court is precluded from receiving evidence to resolve disputed material facts–i.e., a fact the administrator relied on to resolve the merits of the claim itself."[3] *Vega*, 188 F.3d at 299. This restriction is entirely reasonable, as the district court should not engage in further development of the facts that the administrator never considered in making its *factual* determinations. However, as *Wildbur* and *Kergosien* make clear, other evidence which is relevant to the abuse of discretion factors and any conflict issue may be considered by the

---

[3] The Fifth Circuit has created an exception for the admission of expert testimony that "assists the district court in understanding the medical terminology or practice related to a claim." *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 521 (5th Cir. 2000) (citing *Vega*, 188 F.3d at 299). However, the court need not address this exception at this time, as neither party has raised the issue and the defendant's motion solely seeks a decision as to whether, not to what extent, the plaintiff may obtain discovery beyond the administrative record.

district court. *Wildbur*, 974 F.2d at 638-39; *Kergosien*, 390 F.3d at 356. Such evidence would not challenge the factual determinations per se, but would guide the court in its legal review of the circumstances surrounding the administrator's decision and its determination of the proper level of deference to accord that decision. Thus, plaintiff deserves discovery not to obtain evidence contradicting any of the Administrator's findings, but to offer evidence on the other issues necessary to the analysis of those findings.

Second, the defendants contend that the plaintiff is not entitled to discovery of relevant evidence because he has not specifically alleged that, e.g., the Plan Administrator inconsistently interpreted the plans at issue. This contention is entirely without merit. Plaintiff has made clear in his amended complaint that if this court does not review the Administrator's decision *de novo*, the court should review the denial of benefits for an abuse of discretion under § 1132(a)(1)(B). *See* Dkt. 5 at 9. This allegation, albeit succinct, puts the defendants on notice that evidence relating to the factors necessary for judicial review is relevant to the action. As the defendants are well aware, notice pleading under the federal rules is the extent of plaintiff's obligation in bringing suit, absent a claim of fraudulent or mistaken conduct. *See* FED. R. CIV. P. 8(a)(2) (requiring a pleading to contain a "short and plain statement of the claim"); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992 (2002) ("This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."); *cf.* FED. R. CIV. P. 9(b) (stating that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"). The plaintiff's claim in this case places the defendants on notice that the factors enumerated above will be at issue

8

in this litigation. Thus, under the general rule of liberal discovery, the plaintiff is entitled to evidence from the defendants relevant to his claim.

### III. CONCLUSION

This case arises out of Chevron's allegedly unlawful denial of benefits to the plaintiff after what he considered a constructive discharge event. In determining whether the plaintiff is entitled to relief, this court will ultimately review the Plan Administrator's interpretation de novo, or alternatively, for an abuse of discretion. *See Bruch*, 489 U.S. at 112-13. If the court adopts the latter standard of review, certain applicable factors as well as any conflict of interest demand consideration of evidence outside the administrative record. Plaintiff is manifestly entitled to discovery in this case beyond that record, limited to the evidence relevant to an abuse of discretion analysis and any potential conflict of interest, and any other evidence which is reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1). Accordingly, defendants' motion to limit discovery to the administrative record is DENIED.

It is so ORDERED.

Signed at Houston, Texas on May 4, 2007.

_____
Gray H. Miller
United States District Judge